**Charles HANDY and William Tiller, Defendants Below, Appellants,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 30, 1970.

Michael F. Tucker, Asst. Public Defender, Wilmington, for defendants below, appellants.

Francis A. Reardon, State Prosecutor, Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The defendants, Charles Handy and William Tiller, appeal from convictions of robbery and conspiracy to rob. The matters presented for review are the denial by the Trial Court of (1) Handy's motion for severance and separate trial, and (2) the application of both defendants to suppress certain evidence taken from their persons at the police station.

The defendants are charged with the early-afternoon robbery of a grocery store near Fourth and Poplar Streets in Wilming-

ton. The storekeeper, an elderly woman, was beaten and certain paper money and coins were taken. She identified Tiller as an old customer and one of the robbers, but she could not identify his cohort.

Within about 30 minutes after the robbery, the police took the defendants into custody at a neighborhood hangout a short distance from the store. Then and there, a witness who operated a business next door to the grocery store, identified Handy as having walked by his store with another man immediately after he heard a woman's scream in the grocery store.

Without any undue delay, the defendants were taken to the police-station, where a prompt, routine, custodial search of their persons was made. Money was found on the person of Handy consisting of 16 one-dollar bills, 13 quarters, 3 dimes, and 2 pennies. Money was found on the person of Tiller consisting of 16 one-dollar bills, 13 quarters, 3 dimes, and 1 penny. The defendants were indicted together.

■ We hold that the Trial Court did not abuse its discretion in denying Handy's application for a severance and separate trial. There was no extrajudicial statement or confession by Tiller used to the prejudice of Handy; there was substantial competent evidence of Handy's guilt; this was not a case of antagonistic defenses as between the two defendants. Under the circumstances, justice did not require separate trials. Jenkins v. State, Del. Supr., 230 A.2d 262, 272 (1967).

■ We hold, also, that the search of the defendants' persons at the police-station was legal as "incidental to and contemporaneous with a lawful arrest"*; and that

the incriminating items thus taken from them were admissible in evidence against them. A custody search of an accused at the police-station, within a reasonable time after the arrest, is incident to the arrest and a legal search where, as here, the search is part of the routine police "booking" procedure. Under such circumstances, the person under arrest may be legally required to empty his pockets and surrender items on his person; and incriminating evidence discovered as a result of such search is admissible in the prosecution of the charge for which the person was arrested. See United States v. Robinson (2 Cir., 1965), 354 F.2d 109, cert. den. 384 U.S. 1024, 86 S.Ct. 1965, 16 L.Ed.2d 1028; Malone v. Crouse (10 Cir., 1967), 380 F.2d 741, cert. den. 390 U.S. 968, 88 S.Ct. 1082, 19 L.Ed.2d 1174; Commonwealth v. Bowlen, 351 Mass. 655, 223 N.E.2d 391 (1967); Annotation, 19 A.L.R.3d 727, 739.

The defendants attempt to have the police-station search classified as remote from the arrest, and not "contemporaneous" therewith within the meaning of § 2303. The facts do not support this position. The defendants were taken to the police-station without undue delay after arrest; the search was made without undue delay after arrival at the police-station. There was no violation here of the guaranty against unlawful search and seizure.

The defendants place principal reliance on Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) wherein the Court held invalid a search of an automobile after it had been towed to the police-station garage, and the accused, having been arrested for vagrancy, taken to jail. The Court there concluded that a person having been taken into custody, a

---

* 11 Del.C. § 2303 provides as follows:
"§ 2303. *Search without warrant incident to arrest*
"A search of a person, house, building, conveyance, place or other thing may be made without a warrant if:
"(1) The search is made incidental to and contemporaneous with a lawful arrest;

"(2) The search is made in order to find and seize: (a) the fruits of a crime, (b) the means by which the crime was committed, (c) weapons and other things to effect an escape from arrest or custody, and (d) evidentiary matter pertaining to the commission of a crime."

search at another place is not an incident to his arrest. Obviously, the *Preston* case is inapposite on its facts.

The defendants also rely upon State v. Stevens, 26 Wis.2d 451, 132 N.W.2d 502 (1965) wherein the Court held that the search of the defendant's purse for a second time, sometime after she had been arrested and taken to the police-station, was not an incident of arrest. Insofar as that case may be irreconcilable with our decision here, we have found it unpersuasive.

Affirmed.