**Emanuel REDDEN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 5, 1970.

Bernard Balick, Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This appeal, arising from a conviction in a robbery case, presents the question of the effect upon an in-court identification of a pretrial-identification made from a single police photograph.

I.

The victim of the robbery, William Butler, testified to the following: One afternoon, the defendant and about 10 others robbed Butler at the gas station at which he

had worked for many years. Butler knew the defendant because he had been in the gas station a number of times previously as a customer for cigarettes and soft drinks. On the day of the robbery, the defendant entered the station and asked Butler for change for the soda machine. About five minutes later, the defendant entered the office of the station and complained that the cigarette machine was not working. Just then, a group of others came over the back fence of the station. As Butler entered the office to respond to the defendant's complaint, the defendant said to Butler "This is it"; and proceeded to strike Butler on the head with his fist. As the others entered the office and took other property, the defendant took money and keys from Butler's pockets.

At the police station immediately after the robbery, while awaiting a "line-up" proceeding, Butler was shown a single photograph. He identified the photograph as being that of his assailant. At the trial, Butler identified the defendant as his assailant. He testified that he did not need the photograph for the identification; that he "could have identified him in the street because I seen him enough." The defendant moved to suppress the in-court identification on the ground that it was fatally tainted by the suggestiveness of the pre-trial identification procedure. The denial of that motion by the Trial Court forms the main basis of this appeal.

## II.

The defendant contends that he was denied due process of law in that the pre-trial presentation by the police of only one photograph for identification purposes was unduly suggestive and conducive to misidentification. In support of this position, the defendant relies upon Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

The defendant's claim is untenable. We hold that, under the circumstances of this case, the identification procedure was not so unduly prejudicial as to taint the conviction. As was pointed out in the *Simmons* case, the danger of misidentification is increased if the police display to the witness the picture of a single individual only. The United States Supreme Court there stated:

"It must be recognized that improper employment of photographs by police may sometimes cause witnesses to err in identifying criminals. A witness may have obtained only a brief glimpse of a criminal, or may have seen him under poor conditions. Even if the police subsequently follow the most correct photographic identification procedures and show him the pictures of a number of individuals without indicating whom they suspect, there is some danger that the witness may make an incorrect identification. This danger will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw, or if they show him the pictures of several persons among which the photograph of a single such individual recurs or is in some way emphasized. The chance of misidentification is also heightened if the police indicate to the witness that they have other evidence that one of the persons pictured committed the crime. Regardless of how the initial misidentification comes about, the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification." *

But, under the *Simmons* case, due process is not denied *ipso facto* by the showing

---

* Accordingly, we take the occasion to point out to law enforcement agencies the clear advisability of displaying more than one photograph for identification by a victim or witness, in order to avoid the danger of impermissible suggestiveness by the police such as would be fatal to a conviction.

of one photograph only. The United States Supreme Court there held:

" * * * that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. * * *."

Applying this "totality of surrounding circumstances" test, we conclude that in the circumstances of this case the pre-trial identification procedure used, while seriously questionable as we have noted, was not such as to deny the defendant due process of law. There was in the circumstances of this case little probability that the procedure followed by the police led to misidentification of the defendant by Butler. The robbery took place in broad daylight. The defendant wore no mask. Butler was no stranger to the neighborhood, having worked at the same gas station for many years. He knew the defendant as a customer on previous occasions. On the occasion of the robbery, Butler had ample opportunity to look at the defendant when he gave him change for the soda machine and when he joined him in the office a few minutes later. On that occasion, the defendant was in the station for about five minutes. And the in-court identification was positive and unequivocal. Taken together, these circumstances leave little room for doubt that the in-court identification of the defendant was correct and free of the fatal taint of undue suggestiveness by the police in the pre-trial procedures.

We affirm, therefore, the action of the Trial Court in upholding the in-court identification.

## III.

There is no merit in the defendant's contention that the Trial Court committed prejudicial error in sustaining the State's objection to the question: "Do you see anyone in the courtroom that looks like the defendant?" Obviously, there was no reversible error in this connection.

Affirmed.