**Leonard Bernard JENKINS, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 29, 1971.

Michael F. Tucker, Asst. Public Defender, Wilmington, for defendant below, appellant.

Richard R. Wier, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal from a robbery conviction raises the question of the right to counsel at a pretrial one-to-one confrontation of suspect by victim for the purpose of identification.

In July 1969, at about 2:30 p. m., Thomas J. Elliott was robbed in his liquor store by a man who wore dark glasses and a baseball cap. At about 11:00 o'clock that evening, Elliott was taken to police headquarters to identify the defendant, Leonard B. Jenkins, who was being held in custody as a suspect. There was a one-to-one identification confrontation between Elliott and Jenkins at the police station, during which Jenkins was required to put on the baseball cap and glasses that had been left at the scene. Elliott did not identify Jenkins immediately on that Friday evening; he waited until the following Monday, when he returned to the police station and identified Jenkins as the robber.

At the non-jury trial, Elliott identified Jenkins as the robber. The in-court identification was opposed unsuccessfully by the defendant on the ground that it was tainted by an improper out-of-court identification. Evidence of the out-of-court identification was introduced first by the defendant on cross-examination.[1]

1. Therefore, there is not presented here the problem of prejudicial error in the evidentiary use of improper pre-trial identification as part of the prosecutor's case.

I.

We hold that the out-of-court identification here under scrutiny was a critical stage of the case against Jenkins; that he was then and there entitled to the presence of counsel under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In *Wade,* the United States Supreme Court held that a suspect or accused had a Sixth Amendment right to counsel at a police line-up in which he appeared, if a subsequent in-court identification, influenced by that line-up, is to be admitted in evidence; and the Court there stated (388 U.S. at 229–230, 87 S.Ct. at 1933–1934):

"The pretrial confrontation for purpose of identification may take the form of a lineup, also known as an 'identification parade' or 'showup,' as in the present case, or presentation of the suspect alone to the witness, as in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, * * *. It is obvious that risks of suggestion attend either form of confrontation and increase the dangers inhering in eyewitness identification. But as is the case with secret interrogations, there is serious difficulty in depicting what transpires at lineups and other forms of identification confrontations. * * *."

The Court also pointed out in *Wade* that the presence of counsel was necessary to overcome the "potential for improper influence" inherent in certain pre-trial identification procedures (388 U.S. at 233, 87 S.Ct. at 1936):

" * * * the vice of suggestion created by the identification in *Stovall,* * * * was the presentation to the witness of the suspect alone handcuffed to

See United States v. Zeiler (3 Cir.) 427 F.2d 1305 (1970); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

police officers. It is hard to imagine a situation more clearly conveying the suggestion to the witness that the one presented is believed guilty by the police. * * *."

And the Court went on to point out in *Wade* that "once a witness has picked out the accused at the line-up, he is not likely to go back on his word later on, so that in practice the issue of identity may (in the absence of other relevant evidence) for all practical purposes be determined there and then, before the trial." 388 U.S. at 229, 87 S.Ct. at 1933.[2]

It is our opinion, therefore that the *Wade* case requires the presence of counsel at a one-to-one identification such as occurred in the instant case. The same conclusion has been reached by the Third Circuit Court of Appeals in Virgin Islands v. Callwood (decided March 9, 1971) 440 F.2d 1206; and by the Supreme Court of Pennsylvania in Commonwealth v. Whiting, 439 Pa. 205, 266 A.2d 738 (1970). See also Commonwealth v. Guillory, Mass. 254 N.E.2d 427 (1970); Rivers v. United States (5 Cir.) 400 F.2d 935 (1968); People v. Fowler, 1 Cal.3d 335, 82 Cal.Rptr. 363, 461 P.2d 643 (1969).

As was noted in *Callwood,* the rule of *Wade* may have exceptions, particularly for on-the-scene confrontations and identifications. The cases carving out such exceptions, however, have generally been limited to identifications at the scene of the crime and within minutes thereof. See e. g., Russell v. United States, 133 U.S. App.D.C. 77, 408 F.2d 1280 (1969); United States v. Wilson, 140 U.S.App.D.C. 331, 435 F.2d 403 (1970). As has been noted,

the confrontation in the instant case took place in the police station more than eight hours after the offense. No exception to the *Wade* rule may be logically and reasonably created to fit those circumstances. It follows that the out-of-court identification before us here must be held improper for violation of the defendant's rights under the Sixth Amendment.[3]

## II.

This brings us to the question of whether the State has proved sufficiently that the in-court identification of Jenkins by Elliott had an "independent origin" apart from the impermissible out-of-court confrontation. See *Wade,* 388 U.S. at 242, 87 S.Ct. at 1940. We are satisfied from the evidence that the State has sustained its burden of proof in this regard, and that the in-court identification in this case was not tainted.

The robbery occurred during daylight hours and the store was electrically lighted. Elliott testified that Jenkins had been- in his store to cash his pay check on about eight previous occasions within a few weeks before the robbery; that he had seen Jenkins in the store on each of these occasions and had personally cashed the checks for him on at least several such occasions. Elliott testified that the robber put a bandanna over the lower part of his face when he first entered the store but that it fell off during an ensuing scuffle; that after the money had been handed to the robber, he threatened to kill Elliott with a sawed-off shot gun, whereupon Elliott seized the gun and hit the robber on the

2. See also dissenting and concurring opinion in *Wade,* 388 U.S. at 250, 87 S.Ct. at 1944: "The rule (announced by the majority in *Wade*) applies *a fortiori* to a face-to-face encounter between the witness and the suspect alone * * *." Moreover, in the companion case of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Court stated explicitly that "the practice of showing suspects singly to persons for the purpose of identification, and not as part of a line-up, has been widely condemned."

3. Compare Bell and Brown v. State, Del. Supr., 281 A.2d 151, (dec. May 4, 1971).

side of the head with it; that during the ensuing fight, the robber bit Elliott on the face and hand and Elliott responded by sinking his teeth in the robber's jaw; that during the struggle, not only did the mask fall off, but so did the glasses and the baseball cap—and the shot gun came apart. Thereupon, the robber fled.

At the trial, Elliott testified unequivocally that Jenkins was the robber, and that his identification was based upon his seeing Jenkins in the store on the several previous occasions, and upon his seeing Jenkins' face during the fight.

Upon the basis of the foregoing, we are satisfied that the in-court identification had an "independent origin" within the test of the *Wade* case; i. e., that the State has established "by clear and convincing evidence" that the victim, in making the in-court identification, was not impermissibly influenced by the prior improper confrontation. See *Wade,* 388 U.S. at 242, 87 S.Ct. at 1940.

\* \* \*

█ The defendant contends that Elliott's delay in making the pre-trial identification tainted the subsequent identifications. This contention becomes academic in view of our conclusion as to the Sixth Amendment impropriety of the pre-trial confrontation. The defendant also contends that the in-court identification was too vague and uncertain to meet the standards set forth in Commonwealth v. Kloiber, 378 Pa. 412, 424, 106 A.2d 820, 826 (1954).[4] We find no merit in this contention.

\* \* \*

The judgment below is affirmed.

---

4. The standards for in-court identification set forth in *Kloiber* are: (1) the witness had an opportunity to observe the assailant clearly; (2) the witness is positive in his identification; (3) the witness' identification is not weakened by prior failure to identify; and (4) the witness' testimony remains positive and unqualified even after cross-examination.