Lorenzo BELL, Alonzo Brown, Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

May 4, 1971.

---

Bernard Balick, Asst. Public Defender, Wilmington, for defendants below, appellants.

Daniel A. Durkin, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

These appeals from robbery convictions raise the question of the right to the presence of counsel when the victim happens to see the suspect or accused at the police station and in the hallway to the courtroom of the committing magistrate.

A motel near the Delaware Memorial Bridge was robbed by two unmasked men at about 3:15 a. m. in September 1969. William T. White, the desk clerk, was forced at gunpoint to lie on the floor and have his hands and feet tied. Money was taken by one of the robbers from the cash register and from White's wallet. In the meanwhile, the other robber led a female employee to another room and tied her; employee meal tickets were taken from her wallet.

At about 5:00 a. m. on the same morning, White was taken to the police station at Moorestown, New Jersey, expressly for the purpose of identifying employee meal tickets and other evidence taken from suspects apprehended by the New Jersey police. He was not told that the suspects would be there; he was not taken there to identify the suspects. In response to his inquiry enroute, the officer-driver said only that the suspects might be at the police station. White testified that he was not "shown" the suspects, but that as he entered the police station he happened [1]

---

1. White testified: " * * * I was not given the opportunity to survey them (the suspects) in New Jersey. That was not my purpose in being there. I happened to see them incidentally."

to see four men sitting on a bench in a room near the entrance; that he recognized two of the men as the robbers; and that he volunteered that information to the police. White was not requested to identify the suspects at the police station.

Later, White appeared at the Magistrate's Court for a preliminary hearing of the appellants. While waiting in the hallway leading to the court-room, White saw the appellants handcuffed and led by the police into the hallway. The appellants were seated near White for several minutes as they all awaited the commencement of the hearing. There was no identification by White at the Magistrate's premises prior to the hearing, nor was any request or suggestion made in that connection.

At the trial, the defendants objected to the in-court identification by White, and to any testimony before the jury as to his out-of-court identification, on the ground that the defendants' Sixth Amendment rights to counsel were violated at the police station and in the Magistrate's waiting-room. Those objections were overruled; the points are now before us on these appeals.

## I.

■ The defendants rely upon the trilogy of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). We hold that the occurrences complained of here do not fall within the scope or purpose of those cases.

*Wade* and its progeny involved pretrial "confrontations" arranged for the purpose of identification; there, suspects were "presented" to the witness for identification; there, suspects were "exhibited" to the witness for identification. The circumstances in the instant case fall into none of these categories of suggestiveness.

The chance viewing of the suspects by White in the side room at the police station was unplanned; it was not arranged for identification purposes; and White's identification was volunteered. Similarly, the meeting of White and the suspects in the Magistrate's hallway was an ordinary happenstance in the natural course of events; it was not arranged for identification purposes.

We hold, therefore, that the perchance viewings of the appellants by White at the police station and the Magistrate's quarters did not constitute such confrontation or exhibition for identification purposes as to come within the scope and meaning of *Wade, Gilbert,* and *Stovall.* Compare Jenkins v. State, Del.Supr., 281 A.2d 148 (dec. April 29, 1971). Any other conclusion, we think, would necessitate the presence of counsel at all ordinary police activities prior to preliminary hearing unless suspects were kept in careful concealment or witnesses were kept blindfolded. We are confident that *Wade* was not intended to have any such result. Compare United States v. Callahan (2 Cir.) 439 F.2d 852 (dec. March 22, 1971).

Accordingly, we find no violation of the appellants' Sixth Amendment rights and no resultant taint upon the in-court identification. It follows that there was no prejudicial error in the admission of White's testimony before the jury as to these incidents. In view of these conclusions we do not reach the question of whether the in-court identification had an "independent origin" and whether the State sustained its burden of proof in that regard. See *Wade,* 388 U.S. at 242, 87 S.Ct. at 1940; Jenkins v. State, Del.Supr., 281 A.2d 148 (dec. April 29, 1971).

## II.

■ The appellant Brown contends that the search of his person upon arrival at the police station (which produced the incriminating meal tickets) was unlawful because

not incidental to his arrest and made without a warrant.

This contention is without merit. The appellants were arrested at about 4:00 a. m. on the New Jersey Turnpike. They were "frisked lightly" for weapons at the roadside, but no thorough search of their persons was possible there under the circumstances. A complete search was made promptly upon arrival at the police station as part of the routine police procedure. We hold that the latter search was "incidental to and contemporaneous with a lawful arrest"[2]; that there was no violation of Brown's constitutional rights. See Handy and Tiller v. State, Del.Supr., 268 A.2d 865 (1970); compare United States v. Miles (3 Cir.) 413 F.2d 34 (1969).

The defendant's reliance upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) is misplaced. Those were automobile search cases clearly distinguishable on their facts.

### III.

Finally, the appellant Bell contends that there was error as to him in the Trial Court's charge to the jury on the presumption arising from the possession of recently stolen goods.

■ The contention is that there was no evidence that the $170., found around Bell's feet in the front of the get-away car, was the money stolen from the motel. This hypertechnical objection was not made at trial; it comes too late now.

■ It is also contended that, because Bell was a passenger in the automobile, there was insufficient basis for attributing possession of the stolen items to him, citing Crawley v. State, Del.Supr., 235 A.2d 282 (1967). This contention, too, is unmeritorious. In the *Crawley* case, the stolen goods were concealed in the closed body of the truck and the appellant was found in the vehicle four hours after the robbery; here, the appellant was apprehended in the automobile, just minutes after the robbery, with his feet planted in the money. The controlling case is Flamer v. State, Del.Supr., 227 A.2d 123 (1967) in view of the other evidence of the appellant's complicity in the crime. There was no error in this respect.

\* \* \*

The judgments below are affirmed.

2. See 11 Del.C. § 2303.