Cecil E. MILLS, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Jan. 5, 1972.

Henry A. Wise, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before CAREY and HERRMANN, Associate Justices, and DUFFY, Chancellor.

PER CURIAM.

In this appeal from conviction for robbery, the defendant appeals upon two grounds: an unreasonable search and seizure and an improper in-court identification based upon a pre-trial "show-up" without the presence of counsel, in violation of the defendant's constitutional rights.

There was no reversible error upon either of the grounds assigned:

1) The search and seizure were not unreasonable because the defendant's mother had a joint and equal possession and control of the premises sufficient to enable her to consent to the search. She gave a valid and effective consent thereto. It follows that the search was valid as to the defendant son. Jenkins v. State, Del.Supr., 230 A.2d 262, 269 (1967).

2) The "show-up" confrontation and in-custody identification of the defendant by the identifying witness without benefit of counsel were violations of the defendant's constitutional rights. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Jenkins v. State, Del.Supr., 281 A.2d 148 (1971). However, the identifying witness saw the defendant twice at the time of the offense. She had clear, close, well lighted, and unobstructed views of his face. Her in-court identification was positive and certain and was based upon her views of the defendant during the robbery. We find, therefore, that the State has sustained its burden (under

*Wade* and *Jenkins*) of showing, by clear and convincing evidence, that the in-court identification had an "independent origin" untainted by the impermissible out-of-court confrontation. It follows that the in-court identification was valid.

Affirmed.