**Larry Thomas BROKENBROUGH,**
*Defendant Below, Appellant,*

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 28, 1972.

———◆———

Samuel H. Lewis of Twilley, Barrett & Lewis, Dover, for defendant below, appellant.

Myron T. Steele, Jr., Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

In this robbery case, the defendant contends that his Sixth Amendment right to counsel was violated by the absence of counsel at three out-of-court identifications by the victim.

Two out-of-court identifications involved a showing of photographs to the victim by the police both before and after the arrest. As we have held in Reed v. State, Del.Supr., 281 A.2d 142 (1971), the presentation of photographs to the victim by the police for identification purposes

**658**

does not constitute such "confrontation" as to come within the Sixth Amendment guaranty.

 A third out-of-court identification was made by the victim when she participated with a police officer in a one-hour random surveillance * of pedestrians passing the police car parked on a busy street. The defendant contends that this identification also violated his Sixth Amendment right to counsel. For the reasons stated in *Reed,* we are of the opinion that the street identification, likewise, was not such "confrontation" as to come within the Sixth Amendment guaranty. But if there were any doubt about it, we are satisfied that the in-court identification had an "independent origin" within the test of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). See Jenkins v. State, Del.Supr., 281 A.2d 148 (1971). At the time of the robbery, the victim had the unmasked face of the defendant in close view, in a well lighted store, for about 15 minutes.

 We have also considered the Fourteenth Amendment question of whether in the light of the totality of the circumstances, the out-of-court identifications were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). After considering all of the circumstances, we are satisfied that none of the out-of-court identification procedures adopted here was impermissibly suggestive in violation of due process under the *Simmons* rule.

Affirmed.

---

* On the morning of the second day after the robbery, and after the victim had identified the defendant from photographs, she was taken by a police officer to the intersection of Queen and Loockerman Streets in Dover. As they sat there in an unmarked police car, the victim was told that she was there "to see if she could pick out anybody" and that the defendant had been seen at that corner on other occasions. The police officer made no suggestive remarks or motions. The victim testified that she looked at about 100 pedestrians and that she recognized the defendant immediately upon seeing him.