**Nathaniel BAKER, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued May 14, 1975.

Decided July 7, 1975.

Reargument Denied Aug. 6, 1975.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

Lawrence B. Steele, II, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

McNEILLY, Justice.

Defendant appeals his conviction of assault in the first degree. He seeks reversal on two grounds: (1) that the Trial Court erred in admitting identification testimony; and (2) that the Trial Court erred in denying defendant's motion for judgment of acquittal for lack of proof that the victim sustained "serious physical injury" by a "dangerous instrument", as required by 11 Del.C. 613(1). [1]

I

The victim was attacked near the steps of her apartment in Laurel. Shortly before the attack she had walked from her apartment to a neighborhood store to make a phone call. The inside of the store was well lighted, and she observed a man (later identified as defendant) in the phone booth. She waited (at a distance of three to four feet) until he finished his conversation. As he left the booth he passed within two feet of her and told her he was finished. After completing her call, she walked toward her apartment and noticed

---

1. 11 Del.C. 613(1) reads as follows:
   "A person is guilty of assault in the first degree when:

   (1) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument . . . ."

defendant standing nearby. As she approached he turned and walked away. She entered her apartment, stayed a short time and left again. As she reached the bottom of the outside stairway she saw a movement out of the corner of her eye. Turning, she saw the defendant approximately there feet away and exclaimed, "Oh, you scared me". At that time the lighting conditions were good and she looked directly at his face and recognized him as being the defendant and the same man she had seen in the store.

Just as she finished her exclamation defendant struck her in the head between the right eye and ear with an object about two feet long which he was holding in his right hand. She was knocked to the ground by blows from this object, and while she was on the ground he attempted to drag her behind the building. She struggled and escaped and staggered into the street, bleeding heavily and crying for help. Defendant fled.

The victim was hospitalized suffering from severe head lacerations and multiple contusions which caused profuse bleeding and required immediate medical attention.

On the day following the assault a town police officer showed the victim eight to ten photographs. She testified at trial that quite a few were of the defendant, and they all looked like him. The next day eight or ten more photographs were shown to her and again there was more than one of the defendant. She further testified on cross-examination that the police officer suggested defendant was the suspect and that she would have had trouble identifying him from the photographs had it not been for his clothing.

At trial the victim's testimony clearly reveals that her identification of the defendant was based, not on the photographs shown to her by the local police, but on her observation of him before and during the actual attack. She saw him in the store, after making her phone call and, again, immediately prior to the attack; she specifically identified the clothing he was wearing during the events on the evening in question, and noted particularly the unique shape of his eyes.

## II

Defendant's contention that the victim's in-court identification was tainted by the suggestive pre-arrest photograph displays in violation of his due process rights is without merit. Even assuming the suggestiveness of the photograph displays, the "independent basis" for the victim's in-court identification was shown by clear and convincing evidence. Therefore, under *Jenkins v. State*, Del.Supr., 281 A.2d 148 (1971) and *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) the Court did not err in admitting and considering the in-court testimony identifying defendant as the assailant.

## III

Defendant's contention that the victim did not sustain "serious physical injury" by a "dangerous instrument" also is without merit.[2]

The record of this case indicates that the victim was struck numerous times by defendant with the two foot long instrument. She bled profusely; she was scarred for life; and the very nature of

2. 11 Del.C., § 222(20) defines "serious physical injury" as:
   "Physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ".

11 Del.C., § 222(4) defines a dangerous instrument as:
   "*Any* instrument, article or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury".

the wounds were sufficient to indicate with reasonable certitude that had she not escaped, and had the beatings continued, she not only would have suffered serious disfigurement by scarring about her head and face, but could well have suffered death. We find that the injuries sustained by this victim were sufficient to fall within the definition of "serious physical injury", and a reasonable inference is that the instrument used was "readily capable of causing death or serious physical injury".

We find no merit in defendant's other contentions.

Affirmed.