# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | ID. No. 0910020105 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | Cont Sex Abuse (F) (1 count) |
| **BRUCE A. ROWAN,** | ) | Rape 4ᵗʰ < 18 (F) (5 counts) |
| | ) | Breach Conditions (F) (56 counts) |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Amended Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

Stephen R. Welch, Jr., Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Bruce A. Rowan, *Pro se*.

FREUD, Commissioner
November 21, 2017

The defendant, Bruce A. Rowan ("Rowan") was found guilty, following a jury trial on December 6, 2010, of one count of Continuous Sexual Abuse of a Child, 11 *Del. C.* § 778; five counts of Rape in the Fourth Degree, 11 *Del. C.* § 770; and fifty-six counts of Breach of Conditions, 11 *Del. C.* § 2109. He was

found not guilty of eleven additional counts of Rape in the Fourth Degree and eight counts of Tampering with a Witness. Prior to trial the State dismissed one count of Sex Offender Unlawful Sexual Contact Against a Child, one count of Endangering the Welfare of a Child and three counts of Tampering with a Witness. *Nolle prosequis* were entered on the remaining eleven counts of Tampering with a Witness and thirteen counts of Breach of Conditions of Release. On January 19, 2011 the State filed a motion to declare Rowan an habitual offender. The Court granted the motion on January 27, 2011 and sentenced Rowan to a total of 395 years incarceration suspended after serving 120 years, for probation.

A timely Notice of Appeal was filed with the Delaware Supreme Court by Rowan's initial Appellate Counsel, Bernard J. O'Donnell, Esquire along with a Motion to Withdraw as Counsel pursuant to Supreme Court Rule 26(c). In an Order dated October 19, 2011, the Supreme Court granted Mr. O'Donnell's motion to withdraw but simultaneously appointed Alexander W. Funk, Esquire to represent Rowan in his direct appeal.[1] In the appeal the following claims were raised that the Superior Court erred in: (1) denying Rowan's motion to dismiss; (2) admitting in to evidence tape recordings of his telephone calls from prison to the victim and (3) admitting into evidence bond paperwork from the Justice of the Peace Court. The Delaware Supreme Court found no merit in any of the claims and affirmed Rowan's conviction and sentence on May 18, 2012.[2]

---

[1] *Rowan v. State*, Del. Supr., No. 95, 2011, Ridgely, J (Oct. 19, 2011)(ORDER).

[2] *Rowan v. State*, 2012 WL 1795829 (Del. Supr.).

After attempting to file several nonconforming motions for postconviction relief and motions for appointment of counsel, Rowan finally filed a conforming motion for postconviction relief pursuant to Superior Court Criminal Rule 61 along with a memorandum of law on May 15, 2013, *pro se*. He raised nine grounds for relief including ineffective assistance of counsel. On May 28, 2013 Rowan filed a conforming motion for appointment of counsel which was granted by the Court. Natalie S. Woloshin, Esquire ("Appointed Counsel") was appointed to represent Rowan on July 29, 2015. After an extremely thorough and conscientious review of the facts, the record and the law in the case, Appointed Counsel filed a motion to withdraw as counsel having concluded that the motion was wholly without merit and that no meritorious grounds for relief existed. Rowan was sent a copy of the motion to withdraw and given 30 days to file a response. Appointed Counsel's motion to withdraw was granted by the Court on October 27, 2015.

Next Rowan moved to have a substitute counsel appointed which was denied by the Court on November 19, 2015. Next Rowan moved to amend his *pro se* motion for postconviction relief on August 11, 2016. After several revised brief schedules the matter finally completed briefing and was sent for decision.

## FACTS
Following are the facts as set forth by the Delaware Supreme Court:

> 2) In January 2009, when Rowan was 41 years old, he began a sexual relationship with Jane Carson,[FN1] who told Rowan she was 23, but actually was 16 years old. In April 2009 Carson became pregnant with Rowan's child

3

and Rowan moved in with her. Shortly after becoming pregnant, Carson told Rowan her real age. Rowan moved out and began a relationship with another woman. Carson then contacted the police. After the baby was born, a DNA test confirmed that Rowan is the father.

3) On October 30, 2009, Rowan was arrested an arraigned at the police station via video phone connection with the Justice of the Peace Court. The court faxed Rowan a bond form, which he signed, that included an order prohibiting contact between Rowan and Carson. Rowan was incarcerated in default of $201,000 cash bail. He was indicted on December 7, 2009, and the Superior Court issued a summons ordering Rowan to be present at his arraignment on December 17, 2009. Rowan's counsel was not available on that date, and the arraignment was passed to the initial case review on December 28, 2009.

4) On December 22, 2009, Rowan was released from prison based on a disposition form submitted by the Court of Common Pleas – apparently in error. At the December 28 arraignment and case review, bond was set at $270,000 cash. Rowan was unable to post bond and again was incarcerated. Neither the court nor the State address the no-contact order.

5) Rowan was re-indicted on September 7, 2010. The 56 counts of breach of condition of release related to Rowan's telephone contact with Carson from prison after his arraignment on December 28th. He went to trial in December 2010 and was convicted on all of the breach of

4

condition charges.[3]

FN1 This Court *sua sponte* has assigned a pseudonym pursuant to Supr. Ct. R. 7(d).

## ROWAN'S CONTENTIONS

In his amended motion, Rowan raises the following grounds for relief:

Ground one:      Defense attorney's failures to act within a reasonable scope of his professional duties violated Defendant's right to effective assistance of counsel. U.S.C.A 6 and 14.

Ground two:      Defense Counsel failed to secure a copy of plea offer in writing or properly discuss same in regards to submission possible alternatives in conjunction with plea. U.S. Const. Amend 6 and 14.

Ground three:      Trial Court error; Prosecutorial Misconduct; Ineffective Assistance of Counsel occurred when juvenile statements was never 'evaluated' and improperly admitted. U.S. Const. Amend. 6 and 14.

---

[3] *Rowan*, 2012 WL 1795829, at *1.

| | |
|---|---|
| Ground four: | In-court identification of Defendant by State's witness violated Defendant's right to a fair trial, when there was no 'independent origin' for this 'In-court' identification. U.S. Const. Amend. 6 and 14. |
| Ground five: | Trial Court error; Ineffective Assistance of Counsel for failure to object to introduction of prior bad acts, or request a hearing (404) under DeShields v. State, Del. Supr. 706 A.2d 502. |
| Ground six: | Trial Court abused its discretion when it denied Defendant's Motion to Dismiss Breach of Conditions charges. U.S. Const. Amend. 14. |
| Ground seven: | Trial Court abused its discretion when it denied Defendant's De Minimis Defense based on model penal code § 2.12. U.S. Const. Amend. 6 and 14. |
| Ground eight: | Trial Court abused its discretion when it failed to conduct a proper sentencing colloquy and also sentence Defendant with a closed mind. U.S. Const. Amend. 6 and 14. |
| Ground nine: | The State never proved the 15 counts of Rape 4th. Ineffective Assistance of counsel occurred when he never requested for an acquittal and or lesser included offense instruction. U.S. Const. Amend. 6 and 14. |

## DISCUSSION

Under Delaware law, the Court must first determine whether Rowan has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[4] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[5] Rowan's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Rowan's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[6] The bars to relief are inapplicable to a jurisdictional challenge or "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[7]

Rowan's first, second, third, fourth, fifth and ninth grounds for relief are

---

[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[5] Super. Ct. Crim. R. 61(i)(1).

[6] Super. Ct. Crim. R. 61(i)(3).

[7] Super. Ct. Crim. R. 61(i)(5).

premised on allegations of ineffective assistance of counsel. Therefore Rowan has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal.

Rowan's sixth ground for relief is simply a restatement of the argument he previously raised in his direct appeal. Superior Court Criminal Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[8] Rowan raised this claim before and the Delaware Supreme Court found it meritless. Rowan has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[9] Rowan has made no attempt to demonstrate why this claim should be revisited. This Court is not required to reconsider Rowan's claim simply because it is "refined or restated."[10] For this reason, this ground for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

Rowan's seventh and eighth claims were not previously raised and he has given no reason for the failure to have raised them earlier. They are therefore clearly barred

---

[8] Super. Ct. Crim. R. 61(i)(4).

[9] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 726, 746 (Del. 1990)).

[10] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

by Superior Court Criminal Rule 61(i)(3) for failure to demonstrate cause and prejudice for his failure to have raised them earlier.

Rowan's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Rowan, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[11] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[12]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant

---

[11] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[12] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

9

must engage in the two part analysis enunciated in *Strickland v. Washington*[13] and adopted by the Delaware Supreme Court in *Albury v. State*.[14]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[15] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[17]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[18] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect

---

[13] 466 U.S. 668 (1984).

[14] 551 A.2d 53, 58 (Del. 1988).

[15] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[16] *Id.*

[17] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[18] *Strickland*, 466 U.S. at 687.

will often be so, that course should be followed."[19] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[20] Furthermore, Rowan must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[21]

Turning briefly to Rowan's specific claims he makes a number of allegations that Trial Counsel acted ineffectively at trial, including claims that he did not adequately investigate the case and prepare it for trial. However, Rowan fails to identify how he was prejudiced by any of these alleged deficiencies. As Appointed Counsel noted in her Motion to Withdraw, Trial Counsel "was confronted with an indefensible case." Rowan, age 42, had fathered a child with a 16 year old victim. Paternity was established by DNA. Rowan then repeatedly contacted the victim from prison, in violation of a no-contact order; these phone calls were recorded. Appointed Counsel also states that she conducted an extensive review of the record and concluded that Trial Counsel "zealously advocated for Mr. Rowan's interests."

Rowan's second claim is that Trial Counsel acted ineffectively when he failed

---

[19] *Id.* at 697.

[20] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[21] *Strickland*, 466 U.S. at 689; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

11

to secure a plea offer for Rowan or "properly discuss same" with him. These claims are false, as established by paragraph two of Trial Counsel's affidavit of November 28, 2016.

Rowan's third claim is that the victim's statement was improperly admitted at the trial and that the prosecutor at trial engaged in acts of misconduct. However, the victim in this case testified at trial and her prior statements to police were properly admitted in evidence pursuant to 11 *Del. C.* § 3507.[22] Rowan never clearly identifies what sort of professional misconduct or *Brady* violation supposedly occurred.

Rowan's fourth claim is that the victim's in-court identification of him was improper because there was no "independent origin" for the identification. This claim is misplaced, however. The question of whether there is an "independent origin" for an in-court identification legitimately may arise when a witness has engaged in an unnecessarily suggestive out-of-court identification procedure and then is asked during trial to identify the defendant.[23] However, there was no such issue presented in Rowan's case since he was well-acquainted with the victim, was involved in a relationship with her, and had fathered a child by her. There is no question that she had an adequate basis to identify him in Court.

Rowan's fifth claim is that Trial Counsel should have attempted to exclude evidence of "prior bad acts" at his trial. However, it does not appear that any such

---

[22] *See* Appointed Counsel's Motion to Withdraw, pp. 10 - 13.

[23] *See, e.g. Jenkins v. State*, 281 A.2d 148 (Del. 1971).

evidence was presented at Rowan's trial, as noted by Appointed Counsel in her motion to withdraw. It is true that Count One of the indictment (and re-indictment) was a charge of "Sex Offender Unlawful Sexual Contact Against a Child." An element of this offense as charged was an allegation that Rowan "was previously convicted for a sex crime." However, it appears that this charge was dismissed prior to trial and that "Count One" which was presented to the jury was actually Count Two in the indictment.[24]

Rowan's sixth claim is that his Motion to Dismiss of December 7, 2010 should have been granted. However, a review of the motion clearly establishes that it was without a legal basis and that it essentially asked the Court to nullify Delaware statutes which prescribed Rowan's conduct. This claim is frivolous and is as noted previously a restatement of his argument on direct appeal.

Rowan's seventh claim is that the Court abused its direction by rejecting his "de minimis" defense. However this claim is without merit, since it is based on the Model Penal Code rather than on a Delaware statute. For this reason, it has no legal basis. Rowan's allegations that his conduct was "consistent with rural-American cultural practices" or that he and the victim were supposedly "already married under an America cultural practice" simply did not provide a valid defense at trial. With good reason, therefore, the Trial Court repeatedly rejected the "de minimis" defense. Rowan and the victim were not married, and rural American cultural practices do not

---

[24] *See* pp. A001, A275 of Appointed Counsel's Appendix to motion to withdraw.

override or invalidate Delaware statutes.

Rowan's eighth claim is that Superior Court sentenced him with a "closed mind." This is a conclusory allegation without any apparent basis in fact. Rowan does not provide a basis for this assertion.

Rowan's ninth claim in his original motion is that the State did not prove all fifteen counts of Rape in the Fourth Degree and that Trial Counsel was ineffective because he (1) did not make a motion for judgment of acquittal, and (2) did not seek to have the jury charged on lesser-included offenses. It is true that the jury only convicted Rowan of five counts of Rape in the Fourth Degree. The evidence supporting these convictions consisted of statements made by the juvenile victim to the police, her testimony at trial, and the fact that she had been impregnated by Rowan. Clearly, there was sufficient evidence to support the convictions. Trial Counsel did in fact make a motion for judgment of acquittal, which was denied. There was no basis for the Court to charge the jury at trial with lesser-included offenses of the Rape in the Fourth Degree charges. Rowan either had sex with the victim or he did not. There was no rational basis for the jury to acquit him of Rape in the Fourth Degree but convict him of Unlawful Sexual contact.[25]

In addition to the foregoing, on August 9, 2016 Rowan filed a "Motion to Amend Motion of Postconviction Relief" which argues that two of the statutes under which he was convicted are unconstitutional because the "[lack] the [requisite]

---

[25] *See* 11 *Del. C.* § 206(c).

doctrine of mens rea." His point seems to be that the statutes are unconstitutional because they do not make an offender's knowledge of a victim's age an element of either offense and do not allow lack of knowledge of a victim's age to be asserted as a defense at trial. However, Rowan provides no legal authority or argument in support of his claim that the Delaware statutes are unconstitutional. His argument does not have a legal basis.

Rowan has also filed a lengthy "Memorandum of Law," dated July 29, 2015, in support of his Rule 61 motion. The arguments advanced in the memorandum are specious. The fact is that the victim in this case was sixteen years old when Rowan, who was in his forties, engaged in sexual intercourse with her. Any mistake which he supposedly made with regard to her age could not provide a defense at trial.[26] Additionally, as much as Rowan may want to argue the point, the fact is that he and the victim were not legally married when the crimes were committed.

Following a complete review of the record in this matter, it is abundantly clear that Rowan has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find Trial Counsel's affidavit and Appointed Counsel's motion to withdraw, in conjunction with the record, more credible than Rowan's self-serving claims that his trial counsel's representation was ineffective. Rowan's Trial Counsel clearly denies the allegations. Furthermore, Appointed Counsel thoroughly reviewed the record in this case and concluded that none of Rowan's claims were

---

[26] 11 *Del. C.* § 762(a).

15

meritorious and that no other meritorious claims could be found.

## CONCLUSION

After reviewing the record in this case, it is clear that Rowan has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). A review of his Trial Counsel's affidavit, Appointed Counsel's motion to withdraw and the record clearly shows that counsel represented Rowan in a competent fashion and was not ineffective. Additionally, Rowan has failed to demonstrate any concrete prejudice. Consequently, I recommend that Rowan's motion be denied as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice and previously adjudicated under Superior Court Criminal Rule 61(i)(4).

/s/ Andrea M. Freud
Commissioner

AMF/dsc