**UNITED STATES of America**
v.
**John H. L. WILSON, Appellant.**
**No. 23283.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 22, 1970.

Decided May 20, 1970.

Mr. Philip A. Fleming, Washington, D. C. (appointed by the court), for appellant.

Mr. Alan Kay, Special Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Thomas C. Green, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

■ Appellant raises a question as to the permissibility of a confrontation wherein appellant was identified at the scene of the crime, a gas station, about ten minutes after a holdup, by the victims of the holdup. Appellant claims error in the lack of counsel, and in the impermissible suggestiveness of the confrontation. The trial judge held a hearing to elicit the circumstances surrounding the identification. He concluded that appellant's constitutional rights had not been violated. He found that the weather conditions were good, that the complaining witnesses had a good opportunity to observe the assailant and had given the police a description which corresponded with appellant at the time of his arrest,[1] that the confrontation occurred very shortly after the crime and was not unreasonably suggestive. The judge concluded by stating that he was impressed with the certainty of the identification.

■ On appeal counsel argue that the values protected by Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), are of such paramount importance that they should not be jettisoned even as to prompt on-the-scene confrontations except in extraordinary circumstances such as those represented by a dying witness, etc. We adhere to our decisions permitting prompt on-the-scene confrontations, even though the confrontation is inherently suggestive because of the presentation of a single suspect.[2] Though suggestiveness is inherent

---

1. Also appellant was wearing clothing like that described by the victims, particularly as to color; and possessed a gun that looked like the weapon used in the holdup.

2. Russell v. United States, 133 U.S.App. D.C. 77, 408 F.2d 1280, cert. denied 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969); Bates v. United States, 132 U.S.

in the situation, we think the case is not one of undue suggestiveness, in view of the countervailing considerations that prompt, on-the-scene identifications are likely to promote fairness, by enhancing reliability of the identifications, and permit expeditious release of innocent subjects.

■ There is one aspect of the identification in this case that gives us concern. It appears probable from the record that at least to some extent the two victims were together when they identified appellant as the assailant. If it is feasible for each witness, victim or otherwise, to stand alone when asked to make the identification, aye nor nay, this is the course that should be followed. While the benefit of a prompt on-the-scene confrontation makes acceptable the necessary suggestiveness of presentation of a single subject (a "show-up"), there is ordinarily no need for the additional element of suggestiveness of identification made at the same time by two or more witnesses in each other's company. However, that particular point was not focused at trial, and the pertinent facts are by no means clear. Following the "totality of circumstances" approach, we do not think this defect warrants reversal or remand of this case.

Appellate counsel also complains that the instruction given to the jury on flight was similar to that in (*Luther*) Austin v. United States, 134 U.S.App. D.C. 259, 414 F.2d 1155 (1969), which was held objectionable because unaccompanied by fuller explanation of the variety of motives which might prompt flight. In *Austin* no objection was taken, and the court held the plain error rule inapplicable and the error harmless. This ruling was followed in United States v. Stevenson, 138 U.S.App.D.C. 10, 424 F.2d 923 (March 3, 1970).

■■ In the case before us an objection was taken to the flight instruction. But the ground of objection was that there was a question whether a flight by defendant took place, in view of the times shown on the police radio run. The judge held that this was for the jury to decide, and we find no quarrel with that ruling. Defense counsel did not object in the alternative, on the ground subsequently developed in *Austin*, that assuming there had been flight, a fuller explanation as to its significance was required. The situation is legally the same as if no objection whatever had been made to the flight instruction.

Affirmed.

App.D.C. 36, 405 F.2d 1104 (1968); Wise v. United States, 127 U.S.App.D.C. 279, 383 F.2d 206 (1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968).