**UNITED STATES of America**

v.

**Alan CRAWFORD, a/k/a Alan V. Crawford, Appellant.**

**No. 72–1480.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 8, 1973.

Decided March 29, 1973.

Edgar W. Holtz, Washington, D. C., with whom Dorothy J. Glancy (both appointed by this Court), was on the brief, for appellant.

Frederick C. Moss, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and WILLIAM J. JAMESON,* Senior United States District Judge for the District of Montana.

PER CURIAM:

There was a witness confrontation close to the time and place of the offense. The witnesses, Mr. Gripper, the victim of the robbery, and Mr. Sprow, who observed the crime from across the street, accompanied the police in their cars in an effort to locate the suspect. One witness spotted on the street what he believed to be two of the (four) robbers, and these suspects were presented to the witnesses for identification.

Our opinions have established that such a showup is permissible even though it has inevitable elements of suggestivity, because of the general reliability of such identifications close in time to the offense. Russell v. United States, 133 U. S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969); Wise v. United States, 127 U.S.App.D.C. 279, 383 F.2d 206 (1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968).

Appellate counsel argued to us that the suggestivity of these confrontations was "undue," was greater than need be, in view of the fact that (a) the witnesses were not separated at the crucial time when they, one after the other, set forth their identification, and (b) because the two suspects were presented together, although one of them, Barksdale, was clearly in the mind of Sprow as having been one of the robbers, raising the possibility that appellant Crawford was identified merely by association at the time of apprehension.

■ We have accepted the inherently suggestive aspect of prompt confrontation showups as a tradeoff in the need to promote efficient police work, and indeed to enhance this with the general reliability of prompt identifications. This acceptance of suggestivity in prompt confrontations as an inescapable cost of ef-

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

ficient police administration is subject to the limitation that the showups not be more suggestive than necessary. It is for that reason that we have set forth the need for separate identifications by the witnesses. See United States v. Wilson, 140 U.S.App.D.C. 331, 435 F.2d 403 (1970).

■ However, we need not in this case pursue these questions, or what they portend as to the propriety of the street presentations made in this case, since in any event there is a determination by the District Court, supported by the evidence, that the observation at the time of the offense suffices to support the in-court identification, and that any question as to the street confrontations imposed no intervening taint.

Affirmed.