[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motions in Limine ConcerningConsciousness of Guilt, Flight and Explanation of Flight
The defendant has filed a Motion in Limine to exclude evidence of the defendant's failure to appear at the February 18, 1987 trial as proof of consciousness of guilt. The state has filed a Motion in Limine to exclude statements of Attorney Michael Sherman made to the defendant just prior to the defendant's failure to appear at the February 18, 1987 trial.
Facts
Alex Kelly is currently on trial charged with Kidnapping in the First Degree in violation of C.G.S. § 53a-92 (a)(2)(A) and Sexual Assault in the First Degree in violation of C.G.S.§ 53a-70 (a). The information charges that the offenses occurred in the town of Darien on February 10, 1986. The parties have agreed, for the purposes of these motions, that Alex Kelly, age 18, a senior at Darien High School, was accused of committing these offenses against a 16 year old female high school student. The defendant was arrested shortly after February 10, 1986. The trial was scheduled to commence on February 18, 1987. The defendant failed to appear for trial. He returned from Europe in 1996. The trial on these charges has now commenced.
The State of Connecticut intends to offer evidence of the defendant's failure to appear in court on February 18, 1987. In support of that claim the State intends to offer the transcript of the February 18, 1987 court proceedings as well as the testimony of the court clerk. The State also intends to offer evidence of where the defendant was during his nine year absence. That testimony will consist of a witness who will verify the authenticity of the defendant's passport. The State claims that CT Page 2546 the defendant's passport will show that the defendant traveled in various European and Middle Eastern countries from 1987 until his 1996 surrender in Switzerland.
The defendant intends to offer the testimony of Attorney Michael Sherman who was representing the defendant, Alex Kelly, in the criminal case in 1987. One week before the February 18, 1987 trial, Mr. Sherman told Alex Kelly "he would not get a fair shake from the criminal justice system here in Connecticut." That statement is being offered by the defendant, not for the truth of the statement, but for the effect the statement had on the defendant's state of mind.
Both parties have furnished memorandum in support of their positions. The court heard oral argument.
Discussion of Law
I. Flight as evidence of Consciousness of Guilt
The defendant's actions, conduct or statements after an alleged offense have been held in Connecticut to be circumstantial evidence that is relevant and probative. The standard criminal jury charge on consciousness of guilt is as follows:
 "In any criminal trial it is permissible for the state to show that conduct or statements made by a defendant after the time of the alleged offense may fairly have been influenced by the criminal act; that is, the conduct or statements show a consciousness of guilt.
 The defendant's possession of or attempt to conceal anything acquired through the crime or his false statements as to his whereabouts at the time of the offense might be offered because such conduct or statements tend to show a consciousness of guilt. It does not, however, raise a presumption of guilt.
 It is up to you as judges of the facts to decide whether statements or conduct of the defendant reflect consciousness of guilt and to consider such in your deliberations in conformity with these instructions." Connecticut Jury Instructions, Criminal, 3rd Edition, Section 2.20. CT Page 2547
Section 2.20 of the standard jury instructions on consciousness of guilt regarding flight is as follows:
 "The conduct of a person in leaving the scene of a crime, if proven that he was in fact at the scene of the crime, may be considered in determining his guilt since if unexplained, it tends to prove a consciousness of guilt. However, flight, if shown, is not conclusive. Nor does it raise a legal presumption of guilt, but is to be given the weight to which the jury thinks it is entitled under the circumstances shown." Connecticut Jury Instructions, Criminal, 3rd Edition, Section 2.20 COMMENT: State v. Rosa, 170 Conn. 417, 432-433. n. 8 (1976); State v. Groomes, 232 Conn. App. 455, 472-474
(1995); State v. Cimino, 194 Conn. 210, 213, n. 5 (1984); State v. Beaulieu, 164 Conn. 620, 632 (1973).
Examples of conduct, actions or statements made by the defendant after the time of the alleged offense which support a proper consciousness of guilt charge include: State v. Graham,33 Conn. App. 432, 442 (1994) (Defendant's false statement at trial), State v. Leecan, 198 Conn. 517, 534 (1986) (Letter indicating defendant's intent to seek reprisal against witness for testifying for state); State v. Reid, 193 Conn. 646, 656
(1984) (Attempt to fabricate alibi); State v. Ferrara,176 Conn. 508, 516-518 (1979) (Evidence of flight).
Cases in which it has been held that the defendant's conduct is not evidence of consciousness of guilt include: State v.Jones, 234 Conn. 324, 359 (1995) (Failure of the defendant to give bodily samples for testing based upon his religious beliefs): State v. Burak, 201 Conn. 517, 529 (1986); State v.Mayell, 163 Conn. 419, 425-426 (1972) (Exercise by the defendant of his constitutional right to oppose extradition).
Connecticut trial courts still regularly give jury charges on consciousness of guilt including flight. "Flight is a form of circumstantial evidence". State v. Piskorski, 177 Conn. 677, 723
(1979). "Flight, when unexplained, tends to prove a consciousness of guilt". State v. Reddick, 33 Conn. App. 311, 330 (1993); Statev. Rosa, 170 Conn. 417, 432-433 (1976); State v. Davis,32 Conn. App. 21, 36 (1993). The latest appellate case is State v.Marshall, 45 Conn. App. 66, 79 (May 6, 1997). The trial judge must perform a balancing test to determine whether the prejudicial value of the evidence of flight outweighs its probative value. State v. Reddick, supra 331. CT Page 2548
The standard charge on consciousness of guilt and flight was criticized in a 1994 decision of Connecticut Supreme Court; a kidnapping and sexual assault case. State v. Freeney,228 Conn. 582 (1994). The trial judge instructed the jury that evidence of the defendant's flight can be used to infer consciousness of guilt. The trial court did not inform the jury, as requested by the defendant, that an inference other than consciousness of guilt can be drawn from the evidence. The defendant claims that the court should have informed the jury that flight could have an innocent explanation: the defendant was on parole and avoiding the police for that reason and not for this kidnapping and sexual assault charge of which he had no knowledge. The defense claimed that the sexual intercourse was consensual.
The majority opinion written by Justice Callahan stated that "flight, when unexplained, tends to prove a consciousness of guilt. . . . Flight is a form of circumstantial evidence. Generally speaking, all that is required is that the evidence has relevance, and the fact that ambiguities or explanations may exist which tend to rebut an inference of guilt does not render evidence of flight inadmissible but simply constitutes a factor for the jury's consideration." State v. Freeney, supra 593-594. The majority then noted that "the fact that the evidence might support an innocent explanation as well as an inference of a consciousness of guilt does not make an instruction on flight erroneous. State v. Wright, 198 Conn. 273, 281, 502 A.2d 911
(1986)."
The majority in Freeney did acknowledge that a charge instructing the jury to consider explanations of flight would also be proper. "Moreover, the court was not required to enumerate all the possible innocent explanations offered by the defendant. While the court's charge on flight might have included a reference to the fact that the defendant was on parole and the inferences that could be drawn therefrom, we cannot say that the trial court's refusal to charge the jury to that effect was improper". State v. Freeney, supra 594.
The dissent agrees that a consciousness of guilt charge due to flight should have been given. The dissent claims that "the trial court was obligated to instruct the jury that his flight could have had an innocent explanation because he was on parole and could have been avoiding the police for that reason". Statev. Freeney, supra 602. The dissent distinguished between CT Page 2549 immediate flight from the crime scene and flight that is inferred from the fact that the police were seeking the defendant after he left the area sometime after the immediate time of the crime. "Indeed, a number of jurisdictions have begun to question the use of flight instructions, and some have disapproved of it. I leave this broader issue for another day because it was not raised at trial nor before this court." State v. Freeney, supra 603.
Judge Berdon's dissent synthesized the issue as follows: "Flight from the scene of the crime — for example, where the victim is shot and the defendant is seen running from the crime scene immediately after the shooting — has a relative high degree of probative value. On the other hand, flight or concealment from the police long after the crime is committed would generally appear to have little or no probative value. When there is no immediacy between the flight and the crime, the court must be certain that there is evidence that a defendant knows he is being sought for the specific crime charged and not some other crime or event. United States v. Howze, 668 F.2d 322, 325 (7th Cir. 1982)." State v. Freeney, supra 604.
The earliest of the various reported cases on the weakness of flight evidence was decided in 1896.
 "It is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of the crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses. Nor is it true that as an accepted axiom of criminal law that `the wicked flee when no man pursueth, but the righteous are as hold as a lion'. Innocent men sometimes hesitate to confront a jury — not necessarily because they fear that the jury will not protect them, but because they do not wish their names to appear in connection with criminal acts, are humiliated at being obliged to incur the popular odium of an arrest and trial, or because they do not wish to put to the annoyance or expense of defending themselves." Alberty v. United States, 162 U.S. 499, 511, 16 S.Ct. 864, 868, 40 L.Ed. 1051 (1896).
Acts supposedly showing consciousness of guilt can be "explained by terrorized innocence as well as by a sense of guilt. After all, innocent people caught in a web of circumstances frequently become terror-stricken." Cooper v.United States, 94 U.S. App. D.C. 343, 345, 218 F.2d 39, 41
(1954). "We have consistently doubted the probative value in CT Page 2550 criminal trials of evidence that the accused fled the scene of an actual or supposed crime." Wong Sun v. United States,371 U.S. 471, 483 n. 10, 83 S.Ct 407, 415, 9 L.Ed.2d 441 (1963).
 "When evidence of flight has been introduced into a case, in my opinion the trial court should, if requested, explain to the jury, in appropriate language, that flight does not necessarily reflect feelings of guilt, and that feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt. This explanation may help the jury to understand and follow the instruction which should then be given, that they are not to presume guilt from flight; that they may, but need not, consider flight as one circumstance tending to show feelings of guilt; and that they may, but need not, consider feelings of guilt as evidence tending to show actual guilt." Miller v. United States,
116 U.S. App. D.C. 45, 320 F.2d 767 773 (1963).
"Flight instructions should be used sparsely, and when used should be accompanied by a fuller explanation by the judge of the variety of motives which might prompt flight, and thus of the caution which a jury should use before making the inference of guilt from the fact of flight." Austin v. United States,414 F.2d 1155, 1157 (1969). In Austin the day after a robbery, the defendant was as seen at a gas station and walked away from a police officer at a rapid pace. The standard consciousness of guilt charge on flight was held to be erroneous since an innocent motive instruction was not given to the jury.
A number of cases have held that evidence of, light as consciousness of guilt is erroneous. None are Connecticut cases. Evidence of an escape, six weeks after pretrial incarceration, was held not to be sufficiently probative of the defendant's consciousness of the crime charged to outweigh its prejudicial effect. State v. Harris, 381 So.2d 792, 794 (1980). "We conclude that the evidence of attempted escape by Harris did not form part of the res gestae, that it had no significant probative value as circumstantial evidence of his guilt, and that its prejudicial effect clearly outweighed its probative value. Defendant's flight, a momentary departure from a vehicle transporting him from jail to a hospital for treatment which occurred over six weeks after his arrest for armed robbery, was not significantly probative of guilt, since it may have been motivated by many other reasons, such as prison or hospital conditions, a simple desire for freedom, or a lack of confidence in his right to a CT Page 2551 fair and speedy trial." State v. Harris, supra 791.
Evidence admitted that the defendant stole a vehicle in order to attempt to flee the state after his attorney told him he would face a long prison term for a prior charge of theft, was held to be erroneous. State v. Philbrook, 644 A.2d 66, 67 (1994). The New Hampshire Supreme Court held that this highly prejudicial evidence outweighed its probative value.
Another view of flight, is that it is admissible, once the trial judge balances its prejudicial effect against its probative value, but the court should not charge on consciousness of guilt. The United States Court of Appeals, District of Columbia Circuit noted that flight is "an extraordinarily complex action, potentially prompted by a variety of motives other than guilt of the actual crime." United States v. Telfaire, 469 F.2d 552, 557
(1972). The opinion in Telfaire concluded: "If anything, the interest of justice might be better served by removing entirely from instructions both flight and absence of flight, and relegating the entire subject to the give and take of argument."United States v. Telfaire, supra 558.
II. Admissibility of Flight, other than from the scene of thecrime
Most jury charges as to flight involve flight from the scene.State v. Beaulieu, 164 Conn. 620, 632 (1973); Gaul v. Noiva,155 Conn. 218, 224 (1967); Kotler v. Lalley, 112 Conn. 86, 88 (1930);State v. Ford, 109 Conn. 490, 496 (1929); State v. Marshall,
supra 79.
The defendant correctly argues that there is no Connecticut case permitting evidence of flight from a scheduled trial as consciousness of guilt. This court has not been able to find any such Connecticut case. There are a number of reported cases in which flight was admitted as evidence of consciousness of guilt when the flight was not immediately from the scene of the crime.State v. Reddick, 33 Conn. App. 311, 329 (1993). (After a January 26th robbery, the defendant jumped out of a window on February 7th to avoid the arrest when the police officers knocked on his apartment door and announced, "Police, we have a warrant.") Statev. Freeney, supra 593. (The day after the alleged sexual assault, the defendant failed to report to work, and the defendant's family knew he was being sought.) State v. Hyslop,10 Conn. App. 457, 461 (1987) (Approximately two weeks after the offense the CT Page 2552 defendant ran after the police identified themselves at his girl friend's house.) State v. Nemeth, 182 Conn. 403, 405 (1980) (The day after the murder the defendant failed to report to work and was arrested in Texas seven months later.) State v. Ferrara,
supra 517 (Defendant left the state in April of 1975 shortly before his indictment on a December 31, 1973 murder and went to various parts of the country before voluntarily returning on January 1, 1977.) State v. Piskorski, supra 721-722 (On October 19, 1974 six murders occurred in a bakery. The indictment w as dated March 24, 1975. Evidence of the defendant's looking for work while in Maine from October 23, 1974 until end of November, 1974 was admissible.)
There are three cases in which the defendant's failure to appear at or about trial was discussed. The earliest was in 1979.United States v. Hernandez-Miranda, 601 F.2d 1104, 1106 (9th Cir. 1979). The defendant was charged in September, 1976 with importing heroin and making a false claim of citizenship. After being released on bond, he failed to appear in court. The defendant was rearrested in January of 1978. The trial court instructed the jury that his failure to appear at his February, 1977 trial should be considered evidence of consciousness of guilt. The defendant argued that the failure to appear at trial evidence and the resulting jury instruction on flight was erroneous on three grounds: 1) The immediacy requirement was not satisfied, 2) There were other reasons for flight consistent with innocence and 3) The flight was not proven beyond a reasonable doubt. The Court of Appeals upheld the admission of this evidence but held that the evidence of the amount of the forfeited bond was erroneous.
The second case which discussed flight from trial appears to be dicta. State v. Jones, 37 Conn. App. 437, 447 (1995). The defendant failed to appear for his trial on assault in the second degree, a felony. Three months later he was arrested and an additional felony charge of failure to appear was added. The defendant was convicted of both felonies at the same trial. The issue on appeal was whether it was erroneous to join both felonies in one trial under State v. Boscarino, 204 Conn. 714,720-721 (1987). "Although the two counts were legally related, the evidence of the assault was admissible on the failure to appear count as evidence on the element of being charged with the commission of a felony . . . and the evidence of the defendant's failure to appear in court was admissible as consciousness of guilt on the assault count." State v. Jones, supra 447. CT Page 2553
In the third case while awaiting trial on three counts of robbery and one count of sexual assault, the defendant escaped. In a habeas petition the convicted defendant claimed ineffective assistance of counsel: trial counsel failed to object to the escape as evidence of consciousness of guilt. Holding that "the state is entitled to prove not only that the petitioner fled, but why," Harris v. Commissioner of Corrections, 40 Conn. App. 250,258 (1996) found that any objection to the introduction of such evidence would be futile. "The probative value of evidence of flight is in large part, dependent upon facts pointing to the motive which prompted it." State v. Piskorski, supra 723; Harrisv. Commissioner of Corrections, supra 258.
The court also notes the unique facts of this case. Had the defendant surrendered in Connecticut, no doubt a third felony charge would be added to the information by the State; Failure to Appear in the First Degree in violation of C.G.S. § 53a-172. The joinder of felony charges in one trial including the later failure to appear has been held proper. State v. Jones, supra 447. This defendant surrendered in Switzerland. He was extradited to Connecticut on only the kidnapping and sexual assault counts, despite a rearrest warrant pending in Connecticut since February 18, 1987, charging the defendant with the additional count of failure to appear. The Swiss authorities did not extradite the defendant on that count. The State argues this is as a partial explanation why there are no Connecticut cases on this issue.
III. Admissibility of Circumstances and Location of Flight
The State wishes to offer proof of the circumstances of the defendant's flight: where did the defendant go for those nine years. A number of Connecticut cases have permitted evidence of circumstances surrounding the flight and events that occurred during the flight.
State v. Nemeth, 182 Conn. 403, 405 (1980) (The circumstances of the defendant's arrest in Texas seven months later).
State v. Piskorski, 172 Conn. 677, 681 (1979) (Defendant's trip to Maine and his efforts to obtain a job in Maine during the flight).
State v. Wright, 198 Conn. 273, 281 (1986) (Events that occurred during flight held admissible). CT Page 2554
State v. Avis, 209 Conn. 290, 310 (1988) (Details during flight admissible).
State v. Davis, 32 Conn. App. 21, 35 (1993) (Defendant left state for Florida day after robbery. Facts and place of flight admissible).
State v. Adams, 36 Conn. App. 473, 482 (1994) (What defendant did during flight admissible. "You may consider all of the conduct of the defendant subsequent to the alleged event in determining whether any of such conduct justifies a finding of a guilty conscious.")
State v. Reddick, 36 Conn. App. 774, 786 (1975) (July 18, 1982 crime and defendant arrested in Florida in July, 1984, held relevant. Surrounding facts including length and location of flight were admissible).
Harris v. Commissioner of Corrections, 40 Conn. App. 250, 258
(1996) (Circumstances of flight admissible. "The probative value of evidence of flight is, in large part, dependent upon facts pointing to the motive which prompted it.")
State v. Williams, 27 Conn. App. 654, 663 (1992) (Evasive action to avoid detection admissible, April, 1988 shooting and August, 1989 hiding in attic).
State v. Briggs, 17 Conn. App. 648, 656 (1989) (Details of flight admitted including defendant's apprehension 1 1/2 years later in a motel).
State v. Banks, 194 Conn. 617, 621 (1984) (Defendant's acts after crime admissible including efforts to avoid detection)
State v. Burak, 201 Conn. 517, 530 (1986) (Circumstances of stolen car and flight to South Dakota admissible).
United States v. Mesa, 660 F.2d 1070, 1078 (5th Cir. 1981) (Use of assumed name and location during flight admissible).
United States v. Hernandez-Miranda, 601 F.2d 1104 (9th Cir. 1979) (Concealment during flight held admissible).
IV. Statement made to Defendant to show the Defendant's State ofCT Page 2555Mind re: Flight
The defendant's offer of proof is that Attorney Michael Sherman will testify that he told the defendant approximately one week before the February 18, 1987 trial that "he could not get a fair shake from the criminal justice system here in Connecticut". That statement is being offered, not for the truth of the statement, but to show that this statement had an effect on the defendant's state of mind. The state of mind exception to the hearsay rule has many examples in Connecticut case law. The most common is the state of mind of police officer's supporting their actions: Information heard over a police radio as an explanation for the police officer's subsequent conduct. The testimony of what the other officers said over the radio is not offered for the truth of these statements but rather to show the effect of the broadcast on their hearer: the apprehending officer. Such testimony is not barred by the hearsay rule. State v. Gonzales,186 Conn. 426, 429 (1982); State v. Venard, 159 Conn. 385, 392
(1970). If, on the other hand, the evidence is offered to support the reason for the actual arrest, not the actions by the police officer, it is not admissible. The state of mind of the arresting police officer is not relevant except for explanation of their actions. State v. Gonzales, supra 430.
One of the oldest cases on the subject of state of mind isWarner v. Warner, 124 Conn. 625 (1938). Statements made by the plaintiff's attorney to the plaintiff were held to be admissible, not in violation of the hearsay rule, since those statements were offered, not for the truth of the statements, but to characterize or to explain conduct. Warner v. Warner, supra 639.
This rule has been upheld in a substantial number of cases since 1938. The state of the mind of the witness as a result of what her brother told her was held to be relevant. "It is an elementary premise of evidentiary law, however, that testimony is considered to be hearsay only when it is an out-of-court statement offered to establish the truth of the matter as contained therein. . . . If such a statement is offered, instead, to show the defendant's state of mind, upon hearing it, it is not offered for its truth" State v. Floyd, 10 Conn. App. 361, 370
(1987). The mental state of the defendant is claimed to be relevant to the issue at hand; i.e. the reasons for the defendant's flight. It is argued that statements that contributed to the defendant's state of mind are admissible. "The defendant did not offer this testimony for the truthfulness of the threats, CT Page 2556 but for its effect on the defendant's state of mind regarding flight. Out-of-court statements to a person are admissible to show his state of mind where his mental state is relevant. . . . A person's `state of mind' can be shown `from what he heard as well as from what he saw, even though what he heard would normally be classified as hearsay.'" State v. Jones,205 Conn. 723, 731 (1988); State v. Esposito, 235 Conn. 802, 822 (1996). (Statements by defendant's former attorney are relevant to show defendant's state of mind.)
The State argues that Michael Sherman's testimony is not relevant nor probative of the defendant's state of mind. It argues that a jury can clearly understand the motivation of actions taken under threats. State v. Esposito, supra 822; Statev. McIntosh, 199 Conn. 155, 162 (1986). The defendant's state of mind upon hearing from his lawyer that he could not "get a fair shake" and his actions that resulted thereafter are speculative at best. The State also argues that this is only secondary evidence. The best evidence would be hearing directly from the defendant. Finally, the State argues that the relevancy is so slight, it would distract the jury's attention from the vital issues of the case.
"It is a reasonable exercise of judicial discretion to exclude questions which would introduce issues foreign to the case." State v. Dortch, 139 Conn. 317, 325 (1952). The court can exercise its discretion to exclude "evidence the relevancy of which appears to be so slight and inconsequential that to admit it would distract attention which should be concentrated on vital issues of the case." State v. Bassett, 151 Conn. 547, 551 (1964). Mindful of the sparse use of flight evidence in general and flight lacking temporal immediacy in particular, the court must consider giving the defendant the opportunity to offer innocent explanations of flight.
The State's Motion in Limine addressed to Attorney Michael Sherman is denied. The defendant was told by his trial attorney, a week before his failing to appear for trial on February 18, 1987, that "he could not get a fair shake from Criminal Justice here in Connecticut". That statement may be admitted, since it is not offered for the truth of the statement, but for the effect it has on the defendant's state of mind. State v. Floyd, supra 370;State v. Jones, supra 731; State v. Esposito, supra 821; Warnerv. Warner, supra 637-638. CT Page 2557
Conclusion of Law
It appears that the issues raised by these two motions can be broken down in a series of questions: 1) Is evidence of consciousness of guilt still admissible in Connecticut? 2) Can the State offer evidence of flight, not from the scene, but from trial? 3) Can the defendant offer evidence of innocent reasons for the flight? 4) Can the State offer evidence of the circumstances and length of the flight? 5) Can the State offer such evidence in its case in chief or only on rebuttal? 6) Should the court, at the time of the testimony, give limiting instructions to the jury as to flight? 7) Should the court charge the jury on consciousness of guilt or just leave the evidence for the jury to consider without a formal jury charge? and 8) If a jury charge is given, should the court instruct the jury that it can consider any explanation for flight offered on behalf of the defendant?
This court is of the opinion that consciousness of guilt is a vanishing but a viable concept in the State of Connecticut. Statev. Marshall, supra 79. As such consciousness of guilt including flight continues to be admissible. The trial court must determine, in its discretion, if the evidence of flight is relevant and probative as to the issues in the case, and if so, whether the evidence is so prejudicial that one would be forced to wonder whether the evidence is not directed to punishing "the wicked generally rather than resolving the issue of guilt of the offense charged." State v. Freeney, supra 603.
For the reasons stated in Section II of this Memorandum of Decision, this court concludes that the State may offer evidence of flight, not only from the scene, but from the February 18, 1987 failure to appear for trial.
The defendant is permitted to offer evidence of the reasons for flight. This is consistent with both the majority and the dissenting opinions in State v. Freeney, supra 605.
The State may offer evidence of the circumstances and the length of the flight. This ruling is supported by the cases cited in Section III of the Memorandum of Decision. This is a sexual assault and kidnapping case. Delay in the prosecution of a sexual assault is always an issue for the jury. Sexual trauma experts are permitted to testify to explain delays or inaccuracies in the reporting or prosecuting of sexual assaults by complainants. CT Page 2558State v. Freeney, supra 590 n. 7. The delay of the trial in this case is due to the defendant's absence from Connecticut for over nine years. The State is entitled to offer evidence as to the delay to rebut any suggestion that the reason for the trial delay is the complainants' reluctance to prosecute. Under the circumstances of this case, this court finds that any prejudice to the defendant does not outweigh its probative value. State v.Delgado, 13 Conn. App. 139, 143 (1987).
Since the defendant can offer evidence as to the reasons for the flight, he should be given the opportunity to offer those reasons before the State is permitted to get into the length of the flight as well as the circumstances and locations of the flight. The court, in the exercise of its discretion, will permit the State in its case in chief to offer testimony of the court clerk and the February 18, 1987 transcript to show that the defendant failed to appear for trial. Once the defendant offers evidence as to the reasons for the flight, the State will be permitted, on rebuttal, to offer evidence as to the length of the flight and the circumstances during the nine year period of time. No extended evidence will be permitted. This will not be a trial within a trial nor a "grand tour".
Because of the one year lapse of time between the arrest and the flight, the court, in order to temper any prejudice to the defendant, will give a limiting instruction to the jury at the time the evidence is presented. This instruction will be consistent with the court's final jury instructions.
Despite the cases cited which indicate a general reluctance to continue with the use of flight instructions, consciousness of guilt is still the law of the State of Connecticut. "The use of evidence of flight has been criticized on the grounds that the . . . inferences are not supported by common experience and it is widely acknowledged that evidence of flight or related conduct is only marginally probative as to the ultimate issue of guilt or innocence". United States v. Meyers, 550 F.2d 1036, 1049
(1977). "It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and, thus, of guilt itself." United States v. Ballard, 423 F.2d 127, 133 (5th Cir. 1970); United States v. Meyers, supra 1049. On balance this court will charge the jury on consciousness of guilt and flight and not leave the evidence for the jury to consider without a CT Page 2559 formal jury charge.
The formal jury charge is as follows:
 "There is a concept in our law that is called consciousness of guilt. Whenever a person is on trial for a criminal offense, it's proper to show that person's conduct after the alleged criminal offense, which may fairly be inferred to have been influenced by the criminal act. The state of mind which is characterized as consciousness of guilt may be circumstantial evidence of guilt.
 Flight, when unexplained, may indicate consciousness of guilt, if the facts and circumstances support it. On the other hand, you may consider any explanation offered on behalf of the defendant to explain his flight. There could be other reasons for flight. Flight does not necessarily reflect feelings of guilt. However, flight, if shown, is not conclusive. Nor does it raise a legal presumption of guilt, but is to be given the weight to which the jury thinks it is entitled under the circumstances shown.
 You may consider and weigh this evidence about the accused in connection with all other evidence of the case and give it such weight as in your sound judgment it is fairly entitled to receive. You may make a permissible inference of consciousness of guilt from the defendant's conduct and you are equally free to determine that the defendant's conduct does not warrant an inference of consciousness of guilt. That is for you to decide."
The State's Motion in Limine as to Attorney Michael Sherman is denied. The Defendant's Motion in Limine as to Flight and Consciousness of Guilt is denied. The court will permit the introduction of evidence and furnish instructions in the manner set forth in this decision.
Tierney, J.